IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

CLAYTON DEAN HARRELL,

     **Plaintiff,**

v.                                   **Case No. 25-CV-210-JFH-JAR**

RODNEY DERRYBERRY, et al.,

     **Defendants.**

## OPINION AND ORDER

Plaintiff Clayton Dean Harrell ("Plaintiff"), a state prisoner appearing *pro se* and proceeding *in forma pauperis*, has filed a complaint seeking relief under 42 U.S.C. § 1983. Dkt. No. 1. This matter is before the Court for screening of the complaint under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2)(B). For the following reasons, the Court finds that the complaint is subject to dismissal.

## BACKGROUND

Plaintiff alleges that he was arrested for neglect or abuse of his mother, a vulnerable adult, and that Deputy Sheriff Timbo DeWitt promised Plaintiff's mother he would "let [Plaintiff] out of jail" if she gave him pills. Dkt. No. 1 at 20. Plaintiff alleges that DeWitt received pills from his mother on a continuing basis until her death and that Defendant Deputy Sheriffs Monks and Wess promised Plaintiff that they would get the charges for neglect or abuse dropped if he provided evidence of DeWitt's wrongdoing. *Id.* at 19. Plaintiff claims that after providing the evidence, DeWitt was fired but Defendants Monks and Wess failed to follow through on their promise.

Plaintiff then asserts that, on September 17, 2024, Defendant Kyle Drummond "broke 7 bones in [his] face with a bat that was loaded with lead." *Id.* at 10. He claims he called the Sheriffs about the incident but that the Sheriff's Office failed to take any action against Drummond.

Plaintiff alleges he was then arrested for domestic assault and battery on September 24, 2024, and that the LeFlore County Jail failed to give him his antibiotics or pain medications in relation to his injuries. *Id.* Plaintiff additionally asserts the LeFlore County Jail is not handling his grievances "in a fair manner," that the Assistant District Attorneys sought "vengeance" against him for his role in getting DeWitt fired, and that his lawyer's advocacy was deficient. *Id.* at 11, 18.

Plaintiff names twenty defendants in this action and raises twenty claims for relief. Plaintiff requests monetary relief and that each defendant be "reprimanded" and "relieved from duty." *Id.* at 22. He additionally appears to seek "acquittal" from the "current charge" against him.[1] *Id.* Though Plaintiff does not specify whether he sues defendants in their individual or official capacities, the Court assumes for purposes of this Order that he sues each defendant in both capacities. *See Brown v. Montoya*, 662 F.3d 1152, 1161 n.5 (10th Cir. 2001) ("Section 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief.").

## LEGAL STANDARD

Because Plaintiff is a prisoner who "seeks redress from a governmental entity or officer or employee of a governmental entity," the Court must screen his complaint to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b). Further, an action brought by a prisoner proceeding *in forma pauperis* may be dismissed "at any time" under these same standards. 28 U.S.C. § 1915(e)(2)(B). In determining whether dismissal is appropriate, the

---

[1] "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release . . . ." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Accordingly, this request for relief is improper under § 1983.

Court must "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Alvarado v. KOB TV, LLC*, 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). The Court "must accept the allegations of the complaint as true and . . . construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). While the Court must liberally construe a complaint drafted by a self-represented plaintiff, the rule of liberal construction "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## DISCUSSION

"Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). Thus, in the context of § 1983 cases, it is "particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphases in original); *see Estate of Booker v. Gomez*, 745 F.3d 405, 435 (10th Cir. 2014) (explaining that supervisory liability requires "an 'affirmative link' between the supervisor and the constitutional violation" (internal quotation marks omitted)). Plaintiff named multiple Deputy Sheriffs and jail staff and two Assistant District Attorneys in his pleading. Yet, in several claims, Plaintiff broadly refers to "the jail," "the Sheriffs," "the Sherriff's Office," and/or "the Assistant District Attorneys" without naming specific individuals or differentiating their conduct. Plaintiff's lack of specificity and differentiation as to the conduct of Defendants renders his allegations insufficient to state plausible claims for relief against them.

Further, Plaintiff's claims against "the Sheriffs" and the "police chief" primarily are predicated on their failure to "press charges" against Defendant Drummond for his alleged assault on Plaintiff. "[A] private citizen," however, "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 767 n.13 (2005) (internal quotation marks omitted) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). Accordingly, Plaintiff has not stated a plausible claim for relief under § 1983 based on the decision not to pursue charges against Defendant Drummond.

Plaintiff's claims against the "Assistant District Attorneys" likewise fail. Plaintiff broadly asserts that the Assistant District Attorneys demonstrated bias, prejudice, and selective enforcement against Plaintiff in relation to his criminal proceedings and suppressed evidence at his preliminary hearing. Dkt. No. 1 at 17-18. These alleged actions, however, relate to the Assistant District Attorneys' performance of functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). As such, the Assistant District Attorneys are entitled to absolute prosecutorial immunity. *See id.* at 431 ("[I]n initiating a prosecution and in presenting the State's case, [a] prosecutor is immune from a civil suit for damages under § 1983."); *Esquibel v. Williamson*, 421 F. App'x 813, 816 (10th Cir. 2010) ("Absolute prosecutorial immunity applies to . . . claims that a prosecutor willfully suppressed evidence.").[2]

As for Plaintiff's claims against Defendant Drummond for the alleged assault and against Plaintiff's defense attorney for alleged deficiencies in advocacy, Plaintiff has failed to show that either individual acted under color of state law, as required for § 1983 liability. *See Bruner v.*

---

[2] The Court cites unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

*Baker*, 506 F.3d 1021, 1025-26 (10th Cir. 2007) ("In order to state a § 1983 claim, a plaintiff must allege the violation of a [constitutional right], and must show that the alleged deprivation was committed by a person acting under color of state law." (internal quotation marks omitted)). Plaintiff provides no allegations suggesting Defendant Drummond is a governmental officer or employee or was acting pursuant to municipal or state authority. *See* Dkt. No. 1, at 8; *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (explaining that "the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful'"). Similarly, "it is well established that neither private attorneys nor public defenders act under color of state law for purposes of § 1983 when performing their traditional functions as counsel to a criminal defendant." *Dunn v. Harper Cnty.*, 520 F. App'x 723, 725-26 (10th Cir. 2013) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981)). Accordingly, Plaintiff has not stated a plausible claim for relief under § 1983 against Defendant Drummond or Plaintiff's defense attorney.

What remains are Plaintiff's claims against Defendants Monks and Wess for their alleged failure to assist Plaintiff in exchange for evidence against Deputy Sheriff DeWitt. Plaintiff alleges: "Deputy Jeff Monks and his side kick Deputy Wess promised me if I give them the evidence to get Timbo [DeWitt] fired that they would redress my situation and get [the domestic assault and battery] charge off of me. . . . [Monks] and Wess said they would make it clear to the DA and other officials that I was outside of my character the day I was arrested." Dkt. No. 1 at 19. Plaintiff cites the Fifth, Sixth, and Fourteenth Amendments in relation to his allegations against Defendants Monks and Wess, but he fails to specifically assert what constitutional right he believes they violated. *Id.* Without more, Plaintiff's allegations fail to meet the plausibility standard. Further, it is not apparent that the alleged actions of Defendants Monks and Wess could be construed as

actions under color of state law for purposes of § 1983. *See Norton v. Liddel*, 620 F.2d 1375, 1379-80 (10th Cir. 1980) (holding Sheriff did not act under color of state law when "provid[ing] the facts upon which the Information was ultimately based" because such action was "similar to that of any other citizen" and did not implicate the power granted to him by the state).

Finally, to the extent Plaintiff sues Defendants in their official capacities, dismissal likewise is appropriate. "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity" of which the officer is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). As to the municipal officials, Plaintiff has not plausibly alleged: "(1) the existence of a municipal policy or custom; and (2) a direct causal link between the policy or custom and the injury alleged," as required to establish municipal liability. *Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006). As to the two Assistant District Attorneys named as defendants in this action, official-capacity claims for damages are precluded due to Eleventh Amendment immunity. *See Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1153 (2001) (explaining that "under Oklahoma law, a district attorney is an arm of the state"). And while the *Ex parte Young* exception to Eleventh Amendment immunity permits "suit[s] against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief," Plaintiff has not alleged an ongoing constitutional violation against the Assistant District Attorneys. *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012). Nor can Plaintiff's request that Defendants be "reprimanded" and "relieved from duty" be properly characterized as prospective, as the request pertains to alleged "past harms." *Buchheit v. Green*, 705 F.3d 1157, 1159 (10th Cir. 2012) ("Because [the plaintiff] is merely seeking to address alleged past harms rather than prevent prospective violations of federal law, we can only reasonably categorize such relief as retrospective.").

**CONCLUSION**

For these reasons, the Court determines Plaintiff's Complaint is subject to dismissal under 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B). However, because Plaintiff appears without counsel and it is not plainly apparent that amendment would be futile as to all claims, the Court grants Plaintiff leave to file an amended complaint to cure the noted deficiencies. *See Hall*, 935 F.2d at 1110. Plaintiff is advised that, if he files an amended complaint, he must identify all defendants he intends to sue and the capacities in which he intends to sue them, and he must clearly identify the constitutional violations for which he seeks redress and support his claims with sufficient facts to demonstrate each defendant's personal participation. Plaintiff is further advised that the amended complaint must be on the Court's approved Pro Se Prisoner Civil Rights Complaint form.

IT IS THEREFORE ORDERED that Plaintiff's Complaint [Dkt. No. 1] is dismissed without prejudice. Plaintiff may file within fourteen (14) days of this Order an amended complaint on the Court's approved Pro Se Prisoner Civil Rights Complaint form. Failure to do so will result in the dismissal of this action without prejudice and without further notice.

Dated this 6th day of May, 2026.

_____
JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE

7